671 So.2d 1138 (1996)
Pablo D. ARTIGA, Plaintiff-Appellant,
v.
M.A. PATOUT AND SON, Defendant-Appellee.
No. 95-1412.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
Trent S. Brignac, Ville Platte, for Pablo D. Artiga.
Adolph Bernard Curet, III, for M.A. Patout and Son.
Before THIBODEAUX, SAUNDERS and AMY, JJ.
*1139 SAUNDERS, Judge.
This matter came before a workers' compensation hearing officer on August 10, 1995, as a motion for declaratory judgment. The hearing officer held that plaintiff, Pablo D. Artiga, an illegal alien, could be denied the right to pursue his workers' compensation benefits for a work-related injury against his employer, M.A. Patout and Son, Ltd.

FACTS
Pablo Artiga was hired by the defendant, M.A. Patout and Son, Ltd., on March 1, 1994. The plaintiff moved from Texas to Patoutville, Louisiana, after having immigrated from Central America and obtained work in the local sugar industry. In order to document that he was a legal alien, the appellant presented a "resident alien card," and signed an employment eligibility verification. Artiga was employed as a mechanic's helper. On July 5, 1994, Artiga fell some 15 feet through a "downhole" on an evaporator, seriously injuring his back. The appellant, M.A. Patout and Son, paid workers' compensation benefits until November 8, 1994.
The employer stopped payment on November 9, 1994, when it was informed by the U.S. Immigration and Naturalization Service that Artiga was an illegal alien. As a result, Artiga filed a disputed claim for compensation with the Office of Workers' Compensation.

DISCUSSION
The Louisiana Workers' Compensation Act, La.R.S. 23:1021, et seq., does not exclude illegal aliens from securing workers' compensation benefits when justified.
Under the Act, La.R.S. 23:1035(A) states:
A. The provisions of this Chapter shall also apply to every person performing services arising out of and incidental to his employment in the course of his own trade, business, or occupation, or in the course of his employer's trade, business, or occupation, except that the bona fide president, vice president, secretary, and treasurer of a corporation who owns not less than ten percent of the stock therein, or a partner with respect to a partnership employing him, or a sole proprietor with respect to such sole proprietorship may by written agreement elect not to be covered by the provisions of this Chapter. Such election shall not be limited, but shall apply to all trades, businesses, or occupations conducted by said corporations, partnerships, or sole proprietorships. Such an election shall be binding upon the employing corporation, partnerships, and sole proprietors and the widow, relatives, personal representative, heirs, or dependents of the officer, partner, or sole proprietor so electing. No salary or compensation received by any such bona fide corporate officer, partner, or sole proprietor so electing shall be used in computing the premium rate for worker's compensation insurance.
Therefore, from our reading of the record, it is clear that Artiga is classified as an employee under the Workers' Compensation Act.
Further, the Act provides a list of employees who are not covered. These exclusions are found under La.R.S. 23:1035(B), La.R.S. 23:1035.2, La.R.S. 23:1037, and La. R.S. 23:1045. We see no clear indication that the legislature intended to exempt illegal aliens from recovering under the Workers' Compensation Act. It is clear that the entitlement of benefits under the Louisiana Workers' Compensation Act is dependent upon the employee status of the claimant. Once it is shown that a claimant has the employee status, the employer is burdened with showing the application of some specific exclusion under which benefits may be denied. Insofar as the hearing officer found that Artiga was unable to receive compensation because of his statuswe overrule.
Under the Louisiana Workers' Compensation Act, it is clear that Artiga cannot be denied workers' compensation because of his status as an illegal alien. Appellee, M.A. Patout and Son, Ltd., in brief, argues that the hearing officer granted a declaratory judgment not only on the fact that Artiga was an illegal alien but on other factors as well; i.e., misrepresentations, medical release, and the inability of his employer to assign him light-duty work because of his status. However, it is not clear that the *1140 hearing officer made his decision on these factors but rather on the premise of Artiga's alien status. Also, the declaratory judgment is not the proper vehicle to decide these various contested facts.
La.Code Civ.P. art. 1871 states:
Courts of record within their respective jurisdictions may declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for; and the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The declaration shall have the force and effect of a final judgment or decree.
It is clear that this article is the appropriate device to determine whether Artiga can receive compensation because of his illegal alien status. We have already determined that he can under the Workers' Compensation Act and now remand this case to a trial on the merits.

DECREE
We vacate the judgment of the hearing officer and remand this case for trial on the merits as to all issues involved. Costs of the appeal shall await final disposition of this matter.
JUDGMENT VACATED AND REMANDED.